Patrick M. Flatley
United States Bankruptcy Judge

Dated: Tuesday, February 19, 2013 2:14:40 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MOUNTAINEER BULK SERVICES, INC., | ) | Case No. 3-10492 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| MARTIN P. SHEEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 12-31 |
| | ) | |
| MITCHELL L. KLEIN, LIBERTY | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| MOUNTAINEER TANKLINES, LLC, and | ) | |
| GENERAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

Pending before the court are General Corporation's ("Defendant") and Martin P. Sheehan's motions for summary judgment. Both parties request entry of summary judgment on count II of Mr. Sheehan's complaint. For the reasons stated herein, the court grants the Defendant's partial motion for summary judgment.

## I. BACKGROUND

On January 12, 1998, before Mountaineer Bulk Services, Inc. ("Debtor") filed for bankruptcy, the Defendant obtained a judgment against the Debtor for $320,826.70 in the Circuit Court of Kanawha County, West Virginia. The Defendant perfected its lien on real estate by recording the judgment in the counties where the Debtor held real estate, and also perfected its

1

lien on personal property by obtaining a writ of fieri facias.  The sheriff did not seize any of the Debtor's motor vehicles and a report was not filed with the West Virginia Department of Motor Vehicles.

On February 14, 2003, the Debtor filed for bankruptcy under chapter 11.  On October 3, 2005, the Debtor's bankruptcy case was converted to a case under chapter 7; on the same date, the United States Trustee designated Mitchell Klein as trustee in the case.  Mr. Klein held the meeting of creditors pursuant to 11 U.S.C. § 341(a) on November 22, 2005 in Clarksburg, West Virginia.  During the administration of the case, Mr. Klein distributed proceeds from the sale of the Debtor's motor vehicles to the Defendant.  Mr. Klein eventually resigned as chapter 7 trustee; Martin P. Sheehan ("Trustee") was appointed as successor trustee on February 8, 2010.

On July 6, 2012, the Trustee filed an adversary complaint in this court against the Defendant, Mountaineer Tanklines, LLC, Mr. Klein, and International Sureties, Ltd.  The Trustee's complaint contains two counts, only one of which is relevant here: count II.  The Trustee alleges that the Defendant did not properly perfect its liens on the Debtor's motor vehicles, and therefore Mr. Klein improperly distributed the proceeds from the sale of the Debtor's motor vehicles.  The Trustee requests recovery of these proceeds from the Defendant.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden.  *Id.* at 323.  Material facts are those necessary to establish the elements of the cause of action.  *Anderson*, 477 U.S. at 248.  Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law.  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a

rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

### III. DISCUSSION

The parties before the court dispute the method to perfect judgment liens on motor vehicles in West Virginia. The Defendant contends that compliance with W. Va. Code § 38-4-8 is sufficient to perfect judgment liens on motor vehicles. The parties do not dispute that the Defendant complied with this statute. The Trustee argues, however, that W. Va. Code § 38-4-8 does not operate to perfect judgment liens on motor vehicles; instead, perfection requires adherence to W. Va. Code § 17-4A-9. The Trustee concludes that because the Defendant did not comply with W. Va. Code § 17-4A-9, its liens against the Debtor's motor vehicles were invalid; and as a hypothetical lien creditor under 11 U.S.C. § 544(a), the bankruptcy estate took title to the vehicles free from the Defendant's claimed lien.

The Defendant also argues that the Trustee's avoidance action violates the statute of limitations under 11 U.S.C. § 546(a). The Trustee provided no response to the Defendant's contention that his § 544(a) action is untimely. Due to the Trustee's tardily filed summary judgment motion and failure to respond to the Defendant's statute of limitations argument, the court held a hearing on January 4, 2013. At the hearing, the Trustee and the Defendant informed the court that no further filings were necessary and that the summary judgment motions were ripe for disposition. At that time, the court took the matter under advisement.

The Trustee relies on § 544(a) to cut off the Defendant's alleged unperfected security interests. Avoidance actions under § 544(a) are conferred to the Trustee by federal law. But before he may avail himself of the powers under § 544(a), he must demonstrate that his action is

3

timely commenced.  Section 546(a) establishes the statute of limitations for avoidance actions brought under § 544(a).

Actions or proceedings under § 544 may not commence after the earlier of the date set out under §§ 546(a)(1) or 546(a)(2).[1]  Section 546(a)(1) provides that § 544 actions must commence within two years from the entry of the debtor's order for relief.  § 546(a)(1)(A).  However, if a trustee is appointed before two years from the order for relief, the trustee is provided with one additional year after the trustee's appointment or election under § 702.  § 546(a)(1)(B).  Section 546(a)(2), if applicable, looks to the time the case was closed or dismissed.  The earlier of §§ 546(a)(1) or 546(a)(2) is the date by which an action or proceeding under § 544 must commence.

Two years from the entry of the Debtor's order for relief is February 14, 2005.  § 546(a)(1)(A).  The Debtor's voluntary chapter 11 petition, filed February 14, 2003, constitutes an order for relief.  11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").  Although the Debtor converted to chapter 7, the original order for relief remains the operative date under § 546(a)(1)(A).  11 U.S.C. § 348(a) ("Conversion of a case . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."); *Bergquist v. Vista Dev., Inc. (In re Quality Pontiac Buick GMC Truck, Inc.)*, 222 B.R. 865, 868 (Bankr. D. Minn. 1998).  Next, under § 546(a)(1)(B), the court must assess whether the appointment of the first trustee occurred before February 14, 2005.  *Burtch v. Georgia-Pacific Corp. (In re Allied Digital Technologies Corp.)*, 341 B.R. 171, 174 (D. Del. 2006) ("[T]he appointment or election [under § 546(a)(1)(B)] must satisfy two criteria in order to effect an extension of the statute of limitations: it must be an appointment or election under one of the listed sections of the Code, and it must take place prior to the expiration of the two years that begins with the filing of the bankruptcy petition.").  In a chapter 7 case, the "appointment" of the trustee means the time when the position becomes permanent.  If the trustee is not elected by creditors, the interim trustee

---

[1] In full, § 546(a) provides:
> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of — (1) the later of — (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.

4

automatically becomes the permanent trustee at the time of the meeting of creditors pursuant to § 341.  11 U.S.C. § 702(d) ("If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case."); *Maurice Sporting Goods v. Maxway Corp. (In re Maxway Corp.)*, 27 F.3d 980, 984 (4th Cir. 1994).  The United States Trustee designated Mr. Klein as the interim trustee in this case on October 3, 2005; his appointment became permanent on November 22, 2005 — the date of the meeting of creditors under § 341.  His appointment, however, did not occur before February 14, 2005, which renders § 546(a)(1)(B) inapplicable.[2]  Thus, § 546(a)(1) sets a bar date of February 14, 2005.

Lastly, looking to § 546(a)(2), the Debtor's case was closed on October 3, 2007.  Section 546(a) requires that the Trustee's action under § 544(a) commence on the earlier of §§ 546(a)(1) or 546(a)(2) — February 14, 2005 or October 3, 2007 respectively.[3]  The Trustee's complaint was filed on April 17, 2012; accordingly, § 546(a) bars count II of the Trustee's complaint because it was not commenced by February 14, 2005.  Consequently, the court does not need to consult nonbankruptcy law to determine the extent of the Trustee's rights as a judicial lien creditor under § 544(a); namely, whether W. Va. Code § 17-4A-9 provides the only method to validly perfect judgment liens against motor vehicles.

### IV. CONCLUSION

For the above-stated reasons, the court grants the Defendant's partial motion for summary judgment.  A separate order will be entered contemporaneously with this memorandum opinion pursuant to Fed. R. Bankr. P. 9021.

---

[2] Notably, the appointment of a successor trustee does not extend the time limitations under § 546(a).  *E.g.*, *Salisbury v. Mirage Resorts, Inc. (In re Mizuno)*, 223 F.3d 1050, 1054 (9th Cir. 2000) ("[T]he most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations.") (quoting *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413, 1415 (9th Cir.1993)); *Lindquist v. FMB-First Michigan Bank (In re Dryland Marina, Inc.)*, 180 B.R. 487, 490 (Bankr. W.D. Mich. 1995).  Thus, the Trustee's appointment as successor trustee does not create a new window for his avoidance action.

[3] The court recognizes that a question exists as to whether this case was "properly and finally" closed under 11 U.S.C. § 350(b) because it was reopened on December 10, 2007.  *In re Petty,* 93 B.R. 208, 212 (B.A.P. 9th Cir. 1988); *see White v. Boston*, 104 B.R. 951, 955 (S.D. Ind. 1989) ("[I]t is clear that the closing of a case cannot trigger section 546(a)(2) unless the case has been *properly* closed, i.e., the assets fully administered.") (emphasis in original).  But whether the court chooses to consider October 3, 2007 as the closing of the case, or some later date, has no bearing on the court's disposition because the court must use the earlier of §§ 546(a)(1) or 546(a)(2) as the bar date.